In the Matter of CHARLOTTE I. LOOMIS, an Incompetent.

Supreme Court, Special Term, Queens County, May 9, 1950.

*Edmund J. Pickup* for Henry Irwin, III, as committee of the person and property of Charlotte I. Loomis, an incompetent, petitioner.

*Aetna Casualty & Surety Company,* as surety for committee.

*Nathaniel L. Goldstein, Attorney-General,* for Director of Kings Park State Hospital.

DALY, J.  Petitioner, the committee for an incompetent, seeks instructions as to what disposition he should make of certain '' nonlegal '' stocks and securities owned by the incompetent at the time of petitioner's appointment and seeks authority to permit certain items of personal property of the incompetent to remain in the premises where they are now located.

The relief sought herein is denied.  The reasons for this disposition have been well stated in two unreported cases.  (*Matter of Wormser,* N. Y. L. J., Nov. 29, 1940, p. 1777, col. 1, STEUER, J.; *Matter of Sargent,* N. Y. L. J., Oct. 8, 1931, p. 158, col. 3, UNTERMEYER, J.)  '' The court is not in a position to investigate the financial condition of each corporation in which the incompetent has made investments, and it cannot undertake to assume to advise the committee in matters which require the exercise of ordinary business judgment  *  *  *.  If the court attempted to supervise and instruct the committee in the conduct of the estate, there would be little necessity for appointing a committee to do exactly this.  The assumption of such an advisory function would, moreover, preclude the court from hearing, upon a final accounting, such objections as might be urged against the acts of the committee.''  (*Matter of Sargent, supra.*)

That the stocks and securities presently held by the petitioner are those denominated '' nonlegals '' does not warrant a contrary result.  Subdivision 6 of section 21 of the Personal Property Law provides that: '' No trustee, or other person holding trust funds for investment shall be liable for any loss incurred with respect to any investment not eligible by law for the investment of trust funds if such ineligible investment was received

by such fiduciary pursuant to the terms of the will, deed, decree of court, or other instrument creating the fiduciary relationship * * * provided such fiduciary exercises due care and prudence in the disposition and retention of any such ineligible investment.'' (No change in substance has been made as to this subdivision by its amendment pursuant to L. 1950, ch. 464, eff. July 1, 1950.)

Furthermore, a new subdivision 1 of section 21 of the Personal Property Law (L. 1950, ch. 464, eff. July 1, 1950) provides: '' A fiduciary holding funds for investment may invest the same in the kinds and classes of securities described in the succeeding paragraphs of this subdivision, provided that investment is made only in such securities as would be acquired by prudent men of discretion and intelligence in such matters who are seeking a reasonable income and the preservation of their capital * * *.''

Although the new subdivision 1 is not to take effect until July 1, 1950, nothing prevents this committee from acting in accordance therewith in the exercise of his discretion.

Submit order.